IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BETTIE BURMESTER,

        Claimant,

v.

CAROLYN W. COLVIN,

        Respondent.

Case No. 15-cv-1393-pp

**ORDER DENYING CLAIMANT'S MOTION TO
PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2)**

      On November 23, 2015, Bettie Burmester, by her attorney David F. Traver, filed a complaint for review of the final decision of the commissioner of the Social Security Administration. Dkt. No. 1. She also filed a motion to proceed *in forma pauperis*. Dkt. No. 2.

      A district court may authorize a claimant to proceed *in forma pauperis*—meaning that she does not have to pre-pay the $400 filing fee to start a civil lawsuit—if the claimant submits an affidavit listing her assets, indicating that she is unable to pay the fees, and stating her believe that she is entitled to the relief she seeks. 28 U.S.C. §1915(a).

      The plaintiff's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee indicates that she is not employed, that she is married, and that her spouse is employed. Dkt. No. 2 at 1. The claimant has no dependents and receives $915.86 each month from her Briggs & Stratton retirement plan. Id. at 2. Her spouse makes $6,700 each month. Id. The couple

1

pays $525 each month in rent, $275 per month for a car payment, and $967 monthly for "other household expenses." Id. They own a 2013 Dodge Avenger worth $16,000 and a 2005 Ford Taurus worth $2,700. Id. at 3. The claimant has a bank account worth $15.00, but owns no "other property of value." Id. at 4.

The application to proceed *in forma pauperis* contains a section entitled "other circumstances." Id. In that section, the claimant states that her "husband has multiple myoloma [sic] and he has been sick and off work." Id. Because of that, the couple lost their home and has filed bankruptcy. According to the claimant, her husband returned to work on October 26, 2015. Id.

A district court has the discretion to order a plaintiff to pay a portion of the filing fee, and to waive the remainder when it finds that the plaintiff cannot pay the full expense but can pay part of it. See Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999). The claimant and her husband have a combined monthly income of $7,615.86 and combined monthly expenses of $1,767. While the claimant indicates that her husband was off of work for some time, and that they had to file for bankruptcy, she indicates that he has been back at work for over a month. She does not say what happened in the couple's bankruptcy; if they filed for Chapter 7 and obtained a discharge, this should have freed up some of their income. In this case, the information contained in the claimant's request, signed under the penalty of perjury, demonstrates that she has the funds to pay the filing fee.

2

The next step is for the court to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)).

A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Circ. 2013).

In her complaint, the claimant asks this court to determine whether the Administrative Law Judge made a proper credibility determination, properly evaluated the claimant's symptoms, appropriately analyzed the claimant's limitations and activities, correctly identified equivalent mental impairments, informed the vocational expert of the claimant's impairments, and whether the ALJ generally supported his decision with substantial evidence. Dkt. No. 1. By arguing that the decision denying her benefits was not supported by substantial evidence, the court finds that there may be a basis in law or fact for the claimant's appeal of the Commissioner's decision, and that the appeal may have merit under 28 U.S.C. §1915(e)(2)(B)(i).

The court **DENIES** the claimant's motion for leave to proceed *in forma pauperis* and **ORDERS** that she pay the filing fee in full to the Clerk of Court for this district by **Tuesday, February 2, 2016.** If the claimant does not pay the fee, the court will dismiss the case on the next business day without

3

further notice or hearing, pursuant to Fed. R. Civ. P. 41(b) and Civ. L.R. 41(c). If the claimant timely pays the filing fee, the court will issue a briefing schedule.

Dated in Milwaukee, Wisconsin this 2nd day of December, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

4

Case 2:15-cv-01393-PP   Filed 12/02/15   Page 4 of 4   Document 6